**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | Chapter 7 |
| | ) | |
| **CHRISTOPHER TODD JOHNSON,** | ) | Case No. 10-70707 |
| | ) | |
| **Debtor.** | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| **CHRISTOPHER TODD JOHNSON,** | ) | |
| | ) | Motion to Reconsider Order entered |
| **Movant** | ) | June 24, 2010 granting Debtor's Motion |
| | ) | holding Defendant in Contempt for |
| v. | ) | Violation of the Automatic Stay |
| | ) | Under 362(k) |
| **ARCHIE T. HODGES, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**MEMORANDUM DECISION**

The matter before the Court is the Defendant's Motion to Reconsider the Court's June 24, 2010 Order granting the Debtor's Motion to Hold Creditor in Contempt for Violation of the Automatic Stay Under 362(k) filed on June 29, 2010. Following a hearing held on July 26, 2010, the Court took the Motion under advisement. For the reasons that follow, the Court will grant the Defendant's Motion to Reconsider.

**FINDINGS OF FACT**

The Debtor filed a motion to hold the Defendant, Archie T. Hodges, Jr., in contempt for violation of the automatic stay on April 30, 2010. On May 10, 2010, a Notice of Hearing was filed scheduling the hearing for May 24, 2010. The Certificate of Service attached to the Notice of Hearing, signed by Mark Perdue, counsel for the Debtor, states as follows:

> I hereby certify that a true and correct copy of the foregoing was posted on the front door and mailed to 1008 Curtis Avenue, Roanoke, VA 24012, along with a copy of the Motion for Sanctions for Violation of the Automatic Stay, to Archie T. Hodges, Jr., this the 10th day of May, 2010.

A hearing on the motion for sanctions was held on May 24, 2010. The Defendant, Mr. Hodges, did not appear at this hearing. On June 24, 2010 an Order was entered granting the Debtor's motion for sanctions against Mr. Hodges. On June 29, 2010, Mr. Hodges filed a letter with the Court asking the Court to reconsider its ruling, stating that he "was not aware at all of a hearing that was held on May 24, 2010 "and further stated that he had "not received any such notice."

Mr. Hodges appeared at the scheduled hearing on July 27, 2010 and testified that at no time at his home was he notified of the May 24 court date and that he knew nothing about that court date until he received the Memorandum Decision and Order from the Court. Mr. Hodges testified that had he known about that hearing, he would have been there as he has attended all court hearings relating to Mr. Johnson's bankruptcy case. Upon cross examination by Mr. Perdue, Mr. Hodges further testified that he has not moved in the last twelve to fourteen years and that he has received other letters from Mr. Perdue's office related to this case, including a letter from Mr. Perdue after the meeting of creditors advising Mr. Hodges to not contact the Debtor further. Mr. Johnson also admitted that he received Mr. Perdue's letter dated May 31, 2010, which was after the May 24 court hearing. This letter was admitted into evidence as Debtor's Exhibit A and is docketed as docket entry 34. Mr. Hodges further testified that he has not had difficulty getting other mail, is accustomed to staying at his home every night, along with his fiancé, Tammy Bacon, and that no one else has access to his mail.

Mr. Hodges called Tammy Bacon as his principal corroborating witness.[1]  Ms. Bacon testified that she currently lives at 1008 Curtis Avenue and has lived there since August of last year.  Ms. Bacon testified that when Mr. Hodges received the May 31 letter from Mr. Perdue that Mr. Hodges immediately called her and faxed the letter to her.  The letter did not make any sense to them and they tried to contact Mr. Perdue's office to discuss the letter, but could not get an answer as either Mr. Perdue or his secretary was on vacation.  Ms. Bacon testified that Mr. Hodges always contacted her immediately when he received anything in the mail regarding this bankruptcy case.  Ms. Bacon further testified that she goes home every night, never saw any notice of the May 24 hearing or anything posted on the door and that they were not out of town during that time.  Upon questioning by Mr. Perdue, Ms. Bacon admitted that Mr. Hodges' address did not change since the letter was received regarding Mr. Hodges' conduct at the meeting of creditors.  Ms. Bacon further acknowledged that she was not at home when that letter was received.

Mr. Perdue, counsel for the Debtor, testified at the hearing as to service of the notice of the May 24 hearing.  Mr. Perdue testified that he mailed a copy of the motion initially filed with the Court to Mr. Hodges upon drafting of the motion, but that because of a service issue, he had to re-file the motion.[2]  Because of the short time frame, Mr. Perdue testified that

---

[1] Mr. Hodges also called Philbert Shelton as a witness, who testified that he first met Mr. Hodges at the meeting of creditors in this case on April 22, 2010.  Upon being reminded by the Court that the matter before the Court was whether Mr. Hodges was properly served with the notice of hearing and not the merits of the actual motion itself, Mr. Hodges had no further questions for Mr. Shelton.

[2] A review of the docket reveals that the motion for sanctions was initially filed on April 30, 2010.  On May 3, 2010, a deficiency order was issued as a notice of hearing was not attached to the motion.  On May 10, 2010, the motion was re-filed, along with a Notice of Hearing.

he personally drove down to Mr. Hodges' home and posted the notice on his front door as he was worried that there would not be enough time for the sheriff to serve Mr. Hodges with the notice.  Mr. Perdue also testified that "we" mailed Mr. Hodges a copy of the motion and notice as well.  Mr. Perdue stated that he knew Mr. Hodges was receiving mail from his office before and after this notice and did not know how this notice was not received.  Upon further questioning by the Court, Mr. Perdue stated that Tammy in his office was responsible for mailing the motion and notice to Mr. Hodges and that he specifically talked with her before and after the motion and notice was mailed to Mr. Hodges to make sure that the notice was mailed to Mr. Hodges.  Mr. Perdue stated that the notice was mailed the same day that the notice was posted on the front door, if that is what the certificate stated.  Mr. Perdue further testified that he did not receive the letter mailed to Mr. Hodges back in his office from the post office.  He also stated that there was no possibility of mis-communication with Tammy as to whether the notice was mailed to Mr. Hodges or not, as they had spoken several times about this matter specifically because of the timing of the hearing.  Mr. Perdue specifically stated that there was no confusion as to whether the notice was mailed, that Mr. Hodges had not moved and that Mr. Hodges had received mail from Mr. Perdue's office both before and after the May 24 hearing.

Upon questioning by Mr. Hodges, there was considerable testimony as to the location and appearance of Mr. Hodges' home by both Mr. Perdue and Ms. Bacon. In view of the Court's following Conclusions of Law, it need not determine whether the motion and notice of hearing were posted at the front door of the Defendant's residence.  While the Court is satisfied that Mr. Perdue did affix a copy of these pleadings at the front door of a residence on the street of the Defendant's residence as he testified, there does appear to be uncertainty as to

whether that residence was actually the same one where the Defendant lives.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. As this Court has already noted in its June 24, 2010 decision with respect to this matter, although 28 U.S.C. § 157(b)(2) does not expressly include actions for a violation of the automatic stay in the non-exhaustive list of core proceedings, the Circuit Court of Appeals has expressly held that "a proceeding to prosecute a violation of the automatic stay is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)." *Budget Service Co. v. Better Homes of Virginia, Inc*., 804 F.2d 289, 292 (4th Cir. 1986). Certainly a motion to reconsider a prior ruling by this Court, in effect a motion for a new trial, is inherently part of this Court's judicial authority and must be deemed to be a "core" proceeding.

The Court concludes that a motion to award damages for a purported violation of the automatic stay initiates a "contested matter" under Bankruptcy Rule 9014. Subsection (b) of such Rule provides as follows: "The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P." Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59, which provides that the Court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." The Defendant's request for reconsideration by the Court was filed within five days of the entry of the Court's original decision and is clearly timely. Bankruptcy Rule 9024 incorporates Rule 60

of the Federal Rules of Civil Procedure, which deals with relief from a judgment or order.  That Rule authorizes a court to grant relief from one of its judgments if "the judgment is void" (Rule 60(b)(4)) or "any other reason that justifies relief" (Rule 60(b)(6)).

Bankruptcy Rule 7004(b)(1) provides that service may be made upon an individual defendant by first class mail postage prepaid as follows:  "Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."  Bankruptcy Rule 7004(a)(1) provides:  "Except as provided in Rule 7004(a)(2), Rule 4 . . . (l) . . . F.R.Civ.P. applies in adversary proceedings."  Rule 4(l)(1) of the Federal Rules of Civil Procedure provides that "[u]nless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Rule 4(l)(3) further provides that "[f]ailure to prove service does not affect the validity of service.  The court may permit proof of service to be amended."

Although the Debtor's motion seeking an award of damages from the Defendant should have been accompanied by a notice of hearing, in this case that did not occur.  As already noted above, "[a]ny paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P."  As relevant to the facts presented in this controversy, that Rule authorizes service upon a party "by leaving it: . . . if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or by "mailing it to the person's last known address – in which event service is complete upon mailing."  F.R.Civ.P. 5(b)(2)(B)(ii) and 5(b)(2)(C), respectively.

Rule 5(d)(1) requires that any paper which must be served in accordance with its provisions must be filed with the court "together with a certificate of service[.]"  It should be noted that although Virginia law provides for "front door" service of a pleading at a defendant's usual place of abode if no person is there with whom the pleading can be left,[3] the applicable Federal Rules have no comparable provision.  Accordingly, the Court concludes that the Defendant's motion must rise or fall on the sufficiency of the service of the motion and notice of hearing by mail.

It is this Court's expectation that counsel or a pro se party will serve a motion initiating a contested matter pursuant to Bankruptcy Rule 9014 together with a notice of hearing upon such a motion in light of the reality that the motion puts the defendant or respondent on notice of the claim being asserted against such party and the notice of hearing advises such party of how and in what manner the motion may be opposed.  Therefore, the Court concludes that the proper Rule to apply to the service certified by counsel to have been made on May 10, 2010 is Rule 7004.  While the Court has no reason to doubt that Mr. Perdue is confident that his assistant, Tammy, did mail a copy of the motion and notice to Mr. Hodges at his acknowledged place of residence, the fact remains that according to his testimony he has certified service on the basis of a mailing that he is utterly confident that his staff member made, not on the basis of what he himself did or saw her do.  It may very well be the case that such confidence is well founded and completely justified, but that is not the same thing as concluding that it might not be mistaken.  It has been this Court's experience during forty years of post-law school life that the opportunity for mis-communication and misunderstanding, even between people who are

---

[3] Va. Code Ann. § 8.01-296.

long accustomed to working or even living together, is ever present and not uncommonly results in two parties being incorrectly convinced that they share a common understanding of the expectations, directions and actions of each other. The Court is not finding that any such misunderstanding between counsel and his assistant occurred here, but it is recognizing that such an occurrence is a possibility.

While the Court acknowledges that a certificate of service signed by counsel for the moving party for a motion of the kind at issue here is routine practice by the members of its bar and that indeed it is more accurately described as the customary procedure rather than an exception, it cannot escape the fact that Rule 7004 requires that proof of service, unless made by a United States marshal or deputy marshal, must be made by the "server's affidavit." That did not occur here. That discrepancy might well have been cured by offering the assistant as a witness at the hearing upon the Defendant's motion at which she could have testified and been subject to cross-examination. Without that, however, the Debtor and the Court are left with proof of service which falls short of the requirements of Rule 7004. Accordingly, the Court concludes that in the face of unequivocal testimony from two admittedly interested, but nonetheless unimpeached, witnesses that the pleadings were not received at the Defendant's place of residence or otherwise, the lack of an airtight proof of service is entitled to significant weight in considering the Defendant's Motion. Such an approach should not be taken as an implicit disparagement of Mr. Perdue's credibility or an endorsement of the credibility of the Defendant and his witness. Instead it is a recognition of the centrality of the legal assistant's performance of Mr. Perdue's instructions that he is confident he clearly communicated to her, but that without her personal affidavit or testimony at the hearing this Court does not have an

appropriate evidentiary basis authorized by Rule 7004 upon which to determine that the relevant pleadings were served upon the Defendant.

The United States Court of Appeals for the Fourth Circuit has recognized that a federal court's authority to grant a new trial pursuant to the provisions of F.R.Civ.P. 59 is broad.  Indeed on at least two separate occasions it has quoted the widely recognized and respected treatise, *Federal Practice and Procedure*, to the effect that "[t]he court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice."  *See Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir. 1985) and *Whalen v. Roanoke County Bd. of Supervisors*, 769 F.2d 221, 226 (4th Cir. 1985), quoting from 11 Wright & Miller, *Federal Practice & Procedure* § 2805 at 38 (1973).  *See also* 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2805 at 55 (1995). While this Court has by no means determined that an "injustice" would definitely occur if it denied the Defendant's motion, neither can it be completely confident that such might not be the case.  The Court recognizes that the Motion to Reconsider does not specifically and directly challenge the factual findings made by the Court in its June 24 decision, but rather addresses the Defendant's contention that he never received notice of, or otherwise knew about, the May 24 evidentiary hearing until receiving a copy of the Court's ruling and that he would have appeared and defended against the allegations made against him if he had known about that hearing.  The Court also recognizes that, at the hearing upon the Motion to Reconsider, it limited, perhaps incorrectly, the Defendant's evidence and arguments to the validity of the service upon him and did not permit any re-litigation of the merits of the Debtor's original Motion.  In the final analysis, although recognizing the considerable inconvenience to the Debtor, his counsel and

the Court which inevitably will result from granting the Motion to Reconsider, the Court concludes that under the facts presented here, where the Defendant filed his motion within a week following service of the Court's judgment asserting that he never received notice of the hearing, has supported such contention with his own unequivocal testimony and that of the other resident of his home, and has further testified that he would have appeared and defended against the allegations made against him had he known of such hearing, the ends of justice are better served by making certain that the Defendant is accorded his "day in court" upon the Debtor's motion seeking an award of damages and attorney's fees against him.  Accordingly, by a separate order it will grant the Defendant's motion, vacate the Court's June 24, 2010 judgment in this matter, direct the Defendant to file a written answer under penalty of perjury to the Debtor's Motion and schedule further necessary proceedings to resolve that Motion.

The Court has determined that the Defendant's Motion to Reconsider in light of the facts presented here is best dealt with pursuant to Bankruptcy Rule 9023 (F.R.Civ.P. 59) rather than Bankruptcy Rule 9024 (F.R.Civ.P. 60), the latter of which would involve the Court addressing the issues of whether its June 24 judgment is "void" (Rule 60(b)(4)) or otherwise ought to be vacated on the basis of "any other reason that justifies relief."  Its rationale for that conclusion is that it is not convinced that the judgment is void because it has not found that proper service was not effected upon the Defendant, bur simply that the evidence before the Court does not establish adequate proof of such service pursuant to the requirements of Bankruptcy Rule 7004.  In deciding to grant the Motion to Reconsider, the Court acknowledges and endorses the principle that the party making service need not prove that the counter-party actually received the pleading served by first class mailing, but simply that service in

compliance with the Rule was effected.  *See In re Vincze*, 230 F.3d 297, 299-300 (7th Cir. 2000); *GE Money Bank v. Frazier* (*In re Frazier*), 394 B.R. 399, 401 at n. 3 (Bankr. E.D. Va. 2008).  Once that has been established, in order to obtain relief from a default judgment a defendant bears a heavy burden to rebut the presumption of receipt and prove that it did not receive the mailing, that such non-receipt was not attributable to its own fault, and that it has a meritorious defense to the complaint or motion.  *See In re Olympia Holding Corp*, 230 B.R. 623, 627 (Bankr. M.D. Fla. 1999), and 6A Bankr. Service L. Ed § 57:106 (Thomson Reuters 2010).

        DECIDED this 28th day of July, 2010.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE